*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MUZAFER ISOVSKA,

Plaintiff-Appellant,

v

LEANA FITZPATRICK, USA UNDERWRITERS, PROGRESSIVE MARATHON INSURANCE COMPANY, and MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY,

Defendants-Appellees.

FOR PUBLICATION
October 30, 2025
8:58 AM

No. 368902
Wayne Circuit Court
LC No. 22-004866-NI

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

KOROBKIN, J. (*concurring in part and dissenting in part*).

I agree with the majority that Exclusion D of USAU's policy is invalid because it conflicts with MCL 500.3114(1). However, I respectfully disagree with the majority's treatment of Exclusion E of USAU's policy. By remanding for trial on whether Progressive lawfully rescinded its policy as to plaintiff, the majority implies that such a rescission by Progressive would allow USAU to invoke Exclusion E and deny coverage. Applying our Supreme Court's decision in *Wilmore-Moody v Zakir*, 511 Mich 76; 999 NW2d 1 (2023), I would hold that USAU cannot invoke Exclusion E to bar plaintiff's PIP claim regardless of whether Progressive's rescission of its own policy as to plaintiff was lawful. And with USAU as the highest-priority insurer, Progressive falls out of the picture. I would therefore reverse the trial court's order granting USAU's motion for summary disposition regarding its liability for PIP benefits, and otherwise affirm.[1]

---

[1] I agree with the majority that the order granting summary disposition to USAU should be affirmed as to UM benefits, and that the order granting summary disposition to the MAIPF should be affirmed in full. In light of my conclusion regarding Exclusion E of USAU's policy, it is unnecessary to reach the question of whether the trial court erred in its analysis of Progressive's

My divergence from the majority comes down to whether and how *Wilmore-Moody* applies. In that case, the plaintiff was injured in an auto accident; sought first-party PIP benefits from her insurance company, Everest; and brought a third-party tort claim against the defendant, Zakir, who had been driving the vehicle that rear-ended hers. *Id*. at 80. Everest denied the plaintiff's PIP claim and rescinded her policy on the grounds that she had made a material misrepresentation in her insurance application. *Id*. Relying on Everest's rescission, Zakir then argued that the plaintiff was barred from recovering damages from him too. *Id*. at 81. Under MCL 500.3135(2)(c), an injured party driving their own vehicle cannot recover in tort if they did not have insurance in effect for their vehicle at the time the injury occurred. *Id*. Because "[r]escission abrogates a contract and restores the parties to the relative positions that they would have occupied if the contract had never been made," *id.* at 84 (quotation marks and citation omitted), Zakir argued that the plaintiff must be deemed not to have had the insurance required by MCL 500.3135(2)(c) at the time of the accident—and therefore was legally barred from proceeding with her third-party claim against him. See *id*. at 81, 84-86.

The Supreme Court rejected that position, for essentially two related reasons. See *id*. at 86. First, the Court explained, "rescission is a contractual remedy intended to restore *the parties to the contract* to their relative precontract positions." *Id*. Zakir was not a party to, nor affiliated with, the rescinded contract; as such, he could not rely on Everest's chosen remedy of rescission to defend against the plaintiff's separate claim against him. *Id*. Second, although rescission operates as a "legal fiction" by treating the contract as though it had never been made, it does not actually "alter reality or act as a DeLorean time machine" with regard to the historical fact of whether the plaintiff had insurance at the time of the accident. *Id*. Citing the principle that rescission should "extend[] no further than is necessary to protect the innocent party in whose favor it is invoked," which in that case was Everest, the Court held that this legal fiction for contractual relationships did not extend to the statutory bar on third-party claims under MCL 500.3135(2)(c). *Id*. at 86-87 (quotation marks and citation omitted).

In my view, *Wilmore-Moody* likewise prohibits USAU from relying on Exclusion E of its policy to deny plaintiff coverage for the PIP benefits to which she would otherwise be entitled. Exclusion E bars PIP coverage for "the owner or registrant of a motor vehicle or motorcycle involved in the accident if that motor vehicle or motorcycle does not have the security required by Chapter 31 of the Michigan Insurance Code in effect." As USAU notes, Exclusion E mirrors the statutory exclusion under MCL 500.3113(b) that bars PIP coverage for "the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by [MCL 500.3101] or [MCL 500.3103] was not in effect." Similar to *Wilmore-Moody*, there

---

motion for summary disposition, as USAU is the highest-priority insurer and must provide coverage regardless of whether Progressive was allowed to rescind. In that sense, Progressive is entitled to summary disposition and that portion of the trial court's order should also be affirmed. See *Royal Oak v Southeastern Oakland Co Resource Recovery Auth*, 257 Mich App 639, 646 n 3; 669 NW2d 322 (2003) ("[W]e affirm summary dispositions properly granted, even if they were granted for the wrong reason."). That said, to the extent plaintiff's claim against Progressive remains live, I agree with the majority that the trial court's analysis was incorrect for the reasons stated in the majority opinion.

appears to be no question that the Ford Focus involved in the accident, for which plaintiff was a co-registrant, was insured with Progressive at the time of the accident. Thus, in order to invoke Exclusion E, USAU argues that Progressive's postaccident rescission of its policy for the Ford Focus rendered that policy "void *ab initio*," which in turn means that the Ford Focus must be deemed not to have had the required insurance in effect. Yet such "revisionist history," *Wilmore-Moody*, 511 Mich at 86 (quotation marks and citation omitted), is what our Supreme Court squarely rejected. USAU was neither a party to, nor affiliated with, the Progressive policy that insured the Ford Focus, so USAU may not rely on Progressive's postaccident rescission of that policy to bar plaintiff's claim through the legal fiction that plaintiff's vehicle was not insured. See *id*. at 86-88.

The majority states that it is reluctant to apply *Wilmore-Moody* here for two reasons, but I find neither persuasive. First, the majority attempts to distinguish USAU's position in this case from that of the defendant in *Wilmore-Moody*, arguing that the defendant in *Wilmore-Moody* had no affiliation with the rescinded contract whereas USAU here arguably could benefit from the Progressive contract because plaintiff was a co-registrant of the Ford Focus and a resident relative of Brianna's. But it's hard to see how USAU stood to materially benefit from the rescinded policy in this case, given that USAU is the higher priority insurer. Again, in *Wilmore-Moody*, it was uncontested (for purposes of the Supreme Court appeal) that the plaintiff had made a material misrepresentation in her application with Everest, thereby justifying Everest's rescission of her policy. See *id.* at 80 & n 1, 81 n 4. But that did not, in turn, allow Zakir—neither a party to nor affiliated with the rescinded contract—to defend against the plaintiff's claim by deploying the legal fiction that the Everest policy was not in effect at the time of the accident. *Id*. at 86-88. Here, too, even assuming plaintiff participated in the misrepresentation to Progressive or is otherwise equitably subject to the rescission of the Progressive policy, USAU was not a party to or affiliated with the rescinded contract and therefore cannot invoke the legal fiction that the contract never existed in order to bar plaintiff's claim. See *id*.

Second, the majority notes that in *Wilmore-Moody* the Court emphasized language in the relevant statute that focused on whether the required insurance policy was in effect "at the time the injury occurred," MCL 500.3135(2)(c), whereas Exclusion E in USAU's policy does not expressly use those words. But USAU repeatedly acknowledges in its brief that Exclusion E "mirrors the *statutory* exclusion under MCL 500.3113(b) that bars PIP payments for the owner or registrant of a motor vehicle who failed to maintain security as required under MCL 500.3101." MCL 500.3113, in turn, provides as follows:

> A person is not entitled to be paid [PIP] benefits for accidental bodily injury if *at the time of the accident* any of the following circumstances existed:
>
> * * *
>
> (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect. [Emphasis added.]

-3-

Thus, both cases focus on whether insurance was in effect "at the time" of the accident-causing injury; there does not appear to be any significant distinction between this case and the relevant statutory language in *Wilmore-Moody*.

With this understanding of *Wilmore-Moody*'s application to Exclusion E, it is unnecessary—and, in my view, improper—to remand for trial on whether plaintiff is an innocent third party to be followed by a balancing of the equities as to whether Progressive's rescission of its policy as to plaintiff was permissible. Even assuming that Progressive was justified in rescinding its policy as to plaintiff, under *Wilmore-Moody* USAU was not permitted to rely on Progressive's rescission to deny plaintiff's claim for PIP coverage. And because USAU is the highest-priority insurer, the lawfulness of Progressive's rescission of its policy as to plaintiff is immaterial to plaintiff's claim for PIP benefits and should not be litigated on remand. Accordingly, as to that claim, I would reverse the trial court's order granting summary disposition to USAU and remand for further proceedings.

/s/ Daniel S. Korobkin